IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
_____

DIMURIY KOVZIRIDZE,

     PLAINTIFF                         13 Civ 3764 (SLT)(JMA)

                                     PLAINTIFF'S FIRST

     vs                             AMENDED COMPLAINT

                                     [JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER "ROBERT"
CHAN, Shield # 1659, NEW YORK
CITY POLICE OFFICER "JOE" POWE,
And NEW YORK CITY POLICE
OFFICERS "JOHN SMITHS", all of
the named, and unnamed, and
partially named persons in their
official and individual capacities,
NEW YORK CITY POLICE OFFICER
RICHARD POWERS, Shield # 2696, NEW
YORK CITY POLICE OFFICER SAMMY
SOSA, individually and in their
Official capacities,

     DEFENDAANTS
_____

## I.  INTRODUCTION

1. The incident which gives rise to this litigation commenced on Wednesday, June 26, 2013 at or about 9:30 P.M. in the vicinity of East 2nd Street between Avenues W and X, Brooklyn, New York in the Gravesend neighborhood of Brooklyn, New York around the corner from the Claimant's residence.

2. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

3. The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of

justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5.  The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction.  The State law claims derive from the same occurrence and transaction which gives rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

6.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

8.  Venue is properly within the jurisdiction of this Court as the Plaintiff resides within the jurisdiction of this Court and the incident, which gives rise to this litigation, took place within the jurisdiction of this Court.  Moreover, the Defendant parties have offices for doing business within the jurisdiction of this Court.

## III. THE PARTIES

9.  The Plaintiff is an American citizen and resident of the City of New York, the County of Kings, and the State of New York.

10.   The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

11.   Defendants "Robert" Chan, Shield # 1659, "Joe" Powe, Richard Powers, Shield # 26967, Sammy Sosa, and "John Smiths" are New York City Police Officers and agents and employees of the City of New York.   Although their actions and conduct herein described were unlawful and wrongful and otherwise violated the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York,  they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

IV. ALLEGATIONS

12. The Plaintiff is Dimuriy Kovziridze.

13. The Plaintiff is twenty five [25] years of age.

14. The Plaintiff's birth date is April 9, 1988.

15. The Plaintiff is a resident of the City of New York, the State of New York, and the County of Kings.

16. The Plaintiff resides at 2375 East 3rd Street, Apt. # 6J, Brooklyn, New York 11223. Such residence is in the Gravesend neighborhood of Brooklyn.

17. The Plaintiff resides at the afore-described address with his mother and father, Alex Kovziridze and Rina Kovziridze.

18. The Plaintiff graduated from Abraham Lincoln High School in 2006.

19. The Plaintiff attended Pace University for two years and Brooklyn College for one year.    The Plaintiff has also taken a course at Kingsboro Community College.

20. The Plaintiff is employed at his father' retail liquor store which is located on 18th Avenue between 67th and 68th Street in the Bensonhurst neighborhood of Brooklyn, New York.

21. The incident which gives rise to this litigation commenced on Wednesday, June 26, 2013 at or about 9:30 P.M. in the vicinity of East 2nd Street between Avenues W and X, Brooklyn, New York which is located in the Gravesend neighborhood of Brooklyn, New York, around the corner from the Claimant's residence.

22. The Plaintiff was, at the time this incident commenced, driving his father's vehicle.

23. That vehicle which the Plaintiff was driving was a 2013 Black Mercedes 450.

24. The Plaintiff had just finished worked and had dropped his father off at the 2375 East 3rd Street residence where the Plaintiff lives with his parents.

25. The afore-described residence is between Avenues W and X, just around the corner from the location where the incident, which gives rise to this litigation, commenced.

26. After dropping his father off at the afore-described residence, the Plaintiff drove to a grocery store which is about one block from the Plaintiff's residence.

27. The Plaintiff went to the grocery store to purchase a bottle of water and a package of cigarettes.

28. The Plaintiff made the purchase, left the grocery store, and returned to the Mercedes vehicle.

29. The Plaintiff was driving to the residence.

30. The Plaintiff made two right turns and was only a very short distance from the residence.

31. The Plaintiff was pulled over by an unmarked police vehicle when the police vehicle triggered a police light and siren.

4

32.   The Plaintiff pulled over without incident and in compliance with what he understood was required of him in that regard.

33.   The Plaintiff was pulled over and stopped only a very, very short distance from his residence (around the corner).

34.   The Plaintiff had absolutely no idea why he had been pulled over.

35.   The Plaintiff opened the window on the driver's side of the vehicle as two plain clothes male officers, one white and one Asian, approached his vehicle. The Asian male approached on the driver's side of the vehicle where the Plaintiff was situated.

36.   When the Plaintiff pulled over, he turned off the ignition to the vehicle and took the keys out of the ignition and placed them on the dash board of the vehicle.

37.   The Plaintiff was wearing black cargo shorts, a black t-shirt, and "boat" shoes.

38.   When the Asian plain clothes male officer approached the driver's side of the vehicle, the Plaintiff asked why he was pulled over and the Officer indicated for "failure to signal".

39.   The Plaintiff was alert and clear spoken and articulate when he spoke to the Officer and asked him why he had been stopped.

40.   The Plaintiff started to go into his pocket in order to retrieve his license and the vehicle registration which were in his wallet.

41.   The Asian Officer, whose first name is believed to be "Robert", opened the driver's door and directed the Plaintiff to get out of the vehicle.

42.   Further, the Asian Officer physically took hold of the Plaintiff's arm and commenced to bring the Plaintiff out of the vehicle even as the Plaintiff was undertaking to comply, on his own, with the directive of the Asian Officer for the Plaintiff to exit the vehicle.

43.   As the Plaintiff was exiting the vehicle and the Asian Officer was physically engaging the Plaintiff in that process, the Asian Officer asked the Plaintiff "where's the weed" and he continued to ask the Plaintiff that on several occasions once the Plaintiff was out of the vehicle.

44.   The Plaintiff had no idea what the Asian Officer was speaking about and relied, on several occasions to the repeated question by the Asian Officer, that there was no "weed".

45.   The Plaintiff observed the white male Officer go into the vehicle and engage in a search of the interior of the vehicle.

46.   At the time that the Plaintiff was pulled over and approached by the Asian and white male plain clothes Officers, the Plaintiff observed another unmarked vehicle and two other plain clothes male Officers at the vicinity of the location where the Plaintiff had been pulled over and was stopped and where the Plaintiff had exited the vehicle.

47.   The Asian Officer commenced to search the Plaintiff including going into his pockets.

48.   The shorts which the Plaintiff was wearing had a small change like pouch pocket on the right front side.

49.   The Plaintiff had an anti-depressant pill (actually one and one half) in the change pouch pocket.

50.   No "weed", marijuana, or other drug was found in the search of the vehicle.

51.   Other than for the anti depressant pill, which was in the Plaintiff's pocket, the Plaintiff did not have any "weed", marijuana or other drug in his possession.

52.   No weapons or contraband were found in the vehicle and no weapons or contraband was found on the Plaintiff's possession.

53.   The Plaintiff was handcuffed and placed in the other unmarked police vehicle at the scene.

54.   The Mercedes was driven by a police officer to the 61st Precinct which is located on Coney Island Avenue between Avenue W and Neck Road, approximately six blocks from where the Plaintiff was pulled over, stopped, detained, searched and where the vehicle, which the Plaintiff was driving, was searched.

55.   The Plaintiff was transported to the 61st Precinct.

56.   At the Precinct, the Plaintiff called his sister, Melena Kovziridze. The Plaintiff also called his girlfriend.

57.   Although the Plaintiff did not see his sister, the Plaintiff's sister and the Plaintiff's father came to the Precinct and retrieved the Mercedes vehicle.

58.   The Plaintiff's sister lives close by the Plaintiff's residence where the Plaintiff resided with his parents.

59.   Because the Plaintiff's father has limited English language skills, the Plaintiff called his sister and asked that his sister come with his father to the Precinct.

60.   While the Plaintiff did not see his sister, an Officer Powe, a white plain clothes male, brought the identification of the Plaintiff's sister, to him in the cell area where the Plaintiff was being detained and asked the Plaintiff to confirm that the person described in the document was his sister.

61.  The Plaintiff did so and the vehicle was released to the Plaintiff's sister and father.

62.   The Plaintiff was frisked, again, at the Precinct.

63.   The Plaintiff was photographed and fingerprinted at the Precinct.

64.   The Plaintiff was charged with possession of a controlled substance.

65.   While at the Precinct and in the detention cell, the Asian Officer came back to the area and, at that time, the Plaintiff, once again, asked why he had been stopped.

66.   The Asian Officer responded, in substance, that he believed that the Plaintiff was a "good kid" who appears to come from a "good family" and that the Plaintiff should stay away from the grocery store because they were "building a case" against the store and trying to close it.

67.   While in the detention cell area, the Asian officer also had an exchange with another individual who was being detained and who apparently knew the Asian Officer before the Asian Officer had become a police officer. So the Asian Officer and the other individual were speaking about the topic.

68.   The Plaintiff remained at the Precinct from the time he arrived at the 61st Precinct at approximately 9:45 P.M. on Wednesday, June 26, 2013 until Thursday, June 27, 2013 at or about 1:30 A.M. when the Plaintiff was transported to Brooklyn Central Booking.

69. The Plaintiff remained in custody until at or about 4:30 P.M. on Thursday June 27, 2013 when the Plaintiff was arraigned.

70. The Plaintiff received an adjournment in contemplation of dismissal and was released from custody.

71.   The Plaintiff was not issued and traffic violation tickets or summons for anything including failing to signal, the reason given by the Officers for the stop and detention of the Plaintiff's vehicle.

72. There was no basis whatsoever for the stop, detention, inquiry, and search of the Plaintiff or of the vehicle which the Plaintiff was driving and there was no probable cause for arrest of the Plaintiff.

73.   There was no basis whatsoever for the Asian Officer to physically take hold of the Plaintiff and such was excessive, unnecessary, and unreasonable.

74.   There was no basis whatsoever for the use of handcuffing force associated with the stop, detention, and arrest of the Plaintiff.

75.   There was no basis whatsoever for the seizure of the vehicle which the Plaintiff was driving.

76.   While the actions of the afore-described Officers were unlawful, they were, nonetheless, taken in the course of their duties and functions as employees and agents of the City of New York and incidental to their otherwise lawful performance of those duties and functions as the agents and employees of the City of New York.

77.   The Defendant officers were performing their duties and functions as "state actors" and their actions and conduct were taken "under the color of State law".

78.   The actions and conduct herein described were propelled by the quality of life and drug and weapon crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

79.   Such quality of life and drug and weapons crime offense enforcement initiatives propel officers to stop and detain individuals and to arrest individuals and to search the individuals and their property including their vehicles where there is no basis to stop and detain the individuals and no probable cause to arrest the individual and no lawful basis to engage in intrusive searches and searches of the individuals' properties including their vehicles in order to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress quality of life crime offenses and other crime offenses.

80.   The actions and conduct and the policies and practices herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

81.   The actions and conduct and the policies and practices violated the Plaintiff's rights under the laws and Constitution of the State of New York including an unlawful stop, detention, and search of the Plaintiff and search of the vehicle that the Plaintiff was driving, including the unlawful seizure of the vehicle, and including the false arrest of the Plaintiff, and including the assault and battery of the Plaintiff.

82.   The City of New York is the real party in interest.

83.   The actions and conduct and policies and practices were negligent and were the proximate cause of the injuries and damages inflicted on the Plaintiff by the City of New York and its agents and employees.

84.   The Plaintiff suffered injuries and damages including loss of liberty, anxiety, mental distress, emotional anguish, and psychological trauma.

85.   The Plaintiff has not yet placed a monetary amount for the compensatory and punitive damages which he is seeking for the violation of his rights.

## V.   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION

86.   The Plaintiff reiterates Paragraph #'s 1 through 85 and incorporates such by reference herein.

87.   The Plaintiff was unlawfully stopped and detained and thereafter falsely arrested and falsely imprisoned in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

88.   The Plaintiff suffered injuries and damages.

### B.   SECOND CAUSE OF ACTION

89.   The Plaintiff reiterates Paragraph #'s 1 through 88 and incorporates such by reference herein.

90.   The Plaintiff was unlawfully stopped and detained and thereafter falsely arrested and falsely imprisoned in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

91.   The Plaintiff suffered injuries and damages.

### C.   THIRD CAUSE OF ACTION

92.   The Plaintiff reiterates Paragraph #'s 1 through 91 and incorporates such by reference herein.

93.   The Plaintiff and the vehicle which the Plaintiff was driving were unlawfully and wrongfully searched in

violation of the Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

94.   The Plaintiff suffered injuries and damages.

### D.   FOURTH CAUSE OF ACTION

95.   The Plaintiff reiterates Paragraph #'s 1 through 94 and incorporates such by reference herein.

96.   The Plaintiff and the vehicle which the Plaintiff was driving were unlawfully and wrongfully searched in violation of the Plaintiff's rights as guaranteed under the laws and Constitution of the State of New York.

97.   The Plaintiff suffered injuries and damages.

### E.   FIFTH CAUSE OF ACTION

98.   The Plaintiff reiterates Paragraph #'s 1 through 97 and incorporates such by reference herein.

99.   The Plaintiff was subjected to unreasonable, unnecessary and excessive force in the form of handcuffing and otherwise in violation of the Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section1 983.

100.   The Plaintiff suffered injuries and damages.

### F.   SIXTH CAUSE OF ACTION

101.   The Plaintiff reiterates Paragraph #'s 1 through 100 and incorporates such by reference herein.

102.   The Plaintiff was subjected to an assault and battery by the use of handcuffing force and otherwise in violation of the Plaintiff's rights as guaranteed under the laws and Constitution of the State of New York.

103.   The Plaintiff suffered injuries and damages.

### G.   SEVENTH CAUSE OF ACTION

104. The Plaintiff reiterates Paragraph #'s 1 through 103 and incorporates such by reference herein.

105. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and, as well, under the laws and Constitution of the State of New York.

106. The Plaintiff suffered injuries and damages.

## H.   EIGHTH CAUSE OF ACTION

107. The Plaintiff reiterates Paragraph #'s 1 through 106 and incorporates such by reference herein.

108. The actions and conduct and policies, practices and customs herein were negligent and violated the Plaintiff's rights under the laws and Constitution of the State of New York.

109. The Plaintiff suffered injuries and damages.

## I.   NINTH CAUSE OF ACTION

110. The Plaintiff reiterates Paragraph #'s 1 through 109 and incorporates such by reference herein.

111. Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

112. The Plaintiff suffered injuries and damages.

## J.   TENTH CAUSE OF ACTION

113. The Plaintiff reiterates Paragraph #'s 1 through 112 and incorporates such by reference herein.

114. If the City of New York elects to represents its Police Officers, the City of New York uniformly and as a

matter of policy and practice indemnifies the Officers for any award of both punitive damages and compensatory damages and pays the settlements of any such litigations [for its Officers] and incurs the costs incurred in defending said litigations [without contributions from the Officers].

115.   In return, the Officers are required to cooperate with the City's attorneys and, in substance, to subordinate any interests to those of the City of New York in the context of the litigation.

116.   The named individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and Command Officers therein and, in their capacities as such, as an agent and employee of the City of New York.

117.   Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken pursuant to the otherwise lawful performance of their duties and functions as an agents and employees of the City of New York.

118.   The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of respondeat superior.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a]   Invoke pendent party and pendent claim jurisdiction.

[b]   Award appropriate compensatory and punitive damages.

[c]   Award appropriate declaratory and injunctive relief.

[d]   Empanel a jury.

[e]   Award attorney's fees and costs.

[f]   Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
       August 29, 2013

Respectfully submitted,

/s/James I. Meyerson_____
JAMES I. MEYERSON
1065 Avenue of the Americas
Suite # 300
New York, New York 10018
[212] 344-7474/Extension 129
[212] 409-8890 (E-FAX)
jimeyerson@yahoo.com
ATTORNEY FOR PLAINTIFF
BY:_____

TO:
FRED M. WEILER, ESQ.
Assistant Corporation Counsel
City of New York
Department of Law
Special Federal Litigation Division
100 Church Street-Room # 3-132
New York, New York 10007
[212] 356-3514
[212] 788-9776/FAX
fweiler@law.nyc.gov
ATTORNEY FOR DEFENDANT CITY OF NEW YORK